Curtis **CARLTON, Plaintiff—Appellant,**

and

**Vivian Hernandez, Plaintiff,**

v.

**CITY OF FRESNO; et al.,
Defendants—Appellees.**

No. 02–15056.

D.C. No. CV–01–05469–LJO.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Curtis Carlton appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. § 1983 action alleging his constitutional rights were violated and numerous state torts committed when an airport police officer took him into custody at the Fresno Yosemite International Airport. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and affirm in part, reverse in part, and remand.

The district court correctly dismissed the section 1983 claim against the City of Fresno because Carlton did not allege that the constitutional violations resulted from an official policy or custom. *See Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The district court properly dismissed the section 1983 claim against Officer Rabner in his official capacity because the claim is also, in effect, a claim against the City of Fresno. *See Kentucky*, 473 U.S. at 167 n. 14.

The district court improperly dismissed Carlton's section 1983 claim against Officer Rabner in his individual capacity on the grounds of qualified immunity because there are no facts indicating Officer Rabner reasonably believed his alleged wrongful conduct was lawful. *See Knox v. Southwest Airlines*, 124 F.3d 1103, 1108 (9th Cir.1997). There is a triable issue of fact that Carlton was arrested without probable cause.

The district court correctly dismissed all state tort claims against the City of Fresno and Officer Rabner for failure to exhaust administrative remedies. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988).

The district court correctly dismissed Carlton's claims against Global Security and Mary Estrada because all the claims fail on the merits as a matter of law for the reasons stated in the court's December 5, 2001 order.

We reverse the district court's dismissal of Carlton's section 1983 claim against Officer Rabner in his individual capacity, and remand for further proceedings as to that claim. In all other respects, we affirm the district court's judgment.

Carlton's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED, in part, REVERSED, in part, and REMANDED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.